UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HEATHER N., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of the Social Security Administration, <br><br> Defendant. | **REPORT AND RECOMMENDATION TO AFFIRM THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 2:23-cv-00537 <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Heather N.[1] brought this action for judicial review of the denial of her application for disability insurance benefits by the Commissioner of the Social Security Administration.[2] The Administrative Law Judge ("ALJ") who addressed Ms. N.'s application determined she did not qualify as disabled.[3] Ms. N. argues the ALJ erred by failing to reconcile a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles as to two of the three jobs the ALJ found Ms. N. could perform.[4] However, because the third, unchallenged job exists in significant numbers in the national economy, any error by the ALJ in relying on the other two jobs was

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the plaintiff is referred to by her first name and last initial only.

[2] (*See* Compl., Doc. No. 1); *see also* 42 U.S.C. §§ 401–434.

[3] (Certified Tr. of Admin. R. ("Tr.") 14–29, Doc. No. 6.)

[4] (*See* Opening Br. 8–11, Doc. No. 9.)

1

harmless. Therefore, the undersigned[5] recommends the district judge affirm the Commissioner's decision.

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Commissioner's final decision. This court reviews the ALJ's decision to determine whether substantial evidence supports his factual findings and whether he applied the correct legal standards.[6] "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[7]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[8] Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla."[9] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an

---

[5] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 5.)

[6] *See* 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

[8] *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (internal quotation marks omitted).

[9] *Id.* at 103 (citation omitted).

[10] *Id.* (citation omitted).

administrative agency's findings from being supported by substantial evidence."[11]  And the court may not reweigh the evidence or substitute its judgment for that of the ALJ.[12]

## APPLICABLE LAW

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" expected to result in death or last for at least twelve consecutive months.[13] An individual is considered disabled only if her impairments are so severe, she cannot perform her past work or "any other kind of substantial gainful work."[14]

In determining whether a claimant qualifies as disabled, the ALJ uses a five-step sequential evaluation, considering whether:

1) the claimant is engaged in substantial gainful activity;
2) she has a severe medically determinable physical or mental impairment;
3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation);
4) she has the residual functional capacity to perform past relevant work; and

---

[11] *Lax*, 489 F.3d at 1084 (citation omitted).

[12] *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

[13] 42 U.S.C. § 423(d)(1)(A).

[14] *Id.* § 423(d)(2)(A).

5) she has the residual functional capacity to perform other work existing in significant numbers in the national economy, considering her age, education, and work experience.[15]

The claimant has the burden, in the first four steps, of establishing disability.[16] At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work in the national economy.[17]

## PROCEDURAL HISTORY

Ms. N. applied for disability insurance benefits under Title II of the Social Security Act[18] in August 2019.[19] After a hearing, the ALJ issued a decision in August 2021 finding Ms. N. not disabled.[20] The Appeals Council remanded the case for further administrative proceedings,[21] and the ALJ held two more hearings.[22] The ALJ then issued a decision in November 2022, again finding Ms. N. not disabled.[23] That decision

---

[15] *See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

[16] *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

[17] *Id.*

[18] 42 U.S.C. §§ 401–434.

[19] (*See* Tr. 14, 343.)

[20] (Tr. 163–74.)

[21] (Tr. 181–84.)

[22] (Tr. 37–113.)

[23] (Tr. 14–29.)

became the Commissioner's final decision when the Appeals Council denied Ms. N.'s request for review.[24]

In the November 2022 decision, at step two of the sequential evaluation, the ALJ found Ms. N. had the severe impairments of "degenerative disc disease of the cervical and lumbar spine, chronic migraine headaches without aura, not intractable, without status migrainosus, and occipital neuralgia," and nonsevere impairments of carpal tunnel syndrome, trochanteric tendinitis/bursitis of the right hip, non-epileptic seizures, depression, and anxiety.[25]  At step three, the ALJ found these impairments did not meet or medically equal an impairment listing.[26]

The ALJ then found Ms. N. had the residual functional capacity ("RFC")[27] to perform light work with limitations.[28]  As relevant here, the ALJ found that "[d]ue to physical pain, fatigue, nausea, and the effects of medication, the claimant can perform simple, goal-oriented but not assembly line paced work."[29]  At step four, the ALJ found

---

[24] (Tr. 1–3.)

[25] (Tr. 17.)

[26] (Tr. 21.)

[27] A claimant's RFC is the most she can do in a work setting considering her limitations. See 20 C.F.R. § 404.1545(a)(1); see also SSR 96-8p, 1996 SSR LEXIS 5, at *1–2 (July 2, 1996).  In assessing RFC, the ALJ considers "the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  SSR 96-8p, 1996 SSR LEXIS 5, at *5.  The ALJ considers all relevant medical and other evidence in the record.  See 20 C.F.R. § 404.1545(a)(3).

[28] (Tr. 22.)

[29] (Tr. 17.)

Ms. N. unable to perform her past work.[30]  But at step five, after considering the testimony of a vocational expert, the ALJ found Ms. N. could perform other jobs including "cashier II," sales attendant, and housekeeping cleaner.[31]  Therefore, the ALJ found Ms. N. not disabled and denied her claim.[32]

## ANALYSIS

Ms. N. argues the ALJ failed to properly reconcile a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) as to the cashier and sales attendant jobs.[33]

An ALJ may not rely on evidence from a vocational expert to support a finding of nondisability at step five unless the ALJ asks the expert "how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit[s] a reasonable explanation for any discrepancy on this point."[34]  In other words, if the vocational expert's testimony "appears to conflict with the DOT," the ALJ must "obtain a reasonable explanation for the apparent conflict."[35]  The ALJ must then resolve the conflict before relying on the vocational expert's testimony to

---

[30] (Tr. 27.)

[31] (Tr. 27–28.)

[32] (Tr. 28–29.)

[33] (*See* Opening Br. 8–11, Doc. No. 9.)

[34] *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999)*.*

[35] SSR 00-4p, 2000 SSR LEXIS 8, at *9 (Dec. 4, 2000).

support a finding of nondisability, and must "explain in the determination or decision how he or she resolved the conflict."[36]

Here, the vocational expert testified a person with Ms. N.'s RFC could perform jobs including cashier II, sales attendant, and housekeeping cleaner.[37] The ALJ found the vocational expert's testimony consistent with the DOT, "with the exception of the testimony regarding simple, routine repetitive tasks . . . that [is] not addressed by the DOT."[38] The ALJ accepted the vocational expert's testimony, finding it "was based upon the vocational expert's education and experience."[39]

Ms. N. contends the ALJ's statement that the DOT does not address "simple, routine repetitive tasks" is inaccurate with respect to the cashier and sales attendant jobs.[40] The DOT requires level-three reasoning ability for these jobs,[41] which Ms. N. argues is inconsistent with her capacity for only "simple, goal oriented but not assembly line paced work."[42] As the Commissioner acknowledges,[43] the Tenth Circuit has found a mental RFC limitation to simple and routine work tasks "seems inconsistent with the

---

[36] *Id.*; *see also Haddock*, 196 F.3d at 1090–91.

[37] (*See* Tr. 28, 71–73.)

[38] (Tr. 28.)

[39] (*Id.*)

[40] (*See* Opening Br. 8, Doc. No. 9.)

[41] *See Dictionary of Occupational Titles* (4th ed. 1991) ("DOT") 211.462-010, 1991 WL 671840 (cashier II); DOT 299.677-010, 1991 WL 672643 (sales attendant).

[42] (Opening Br. 9–10, Doc. No. 9; *see also* Tr. 22.)

[43] (*See* Answer Br. 8, Doc. No. 18.)

demands of level-three reasoning."[44] Ms. N. argues the ALJ failed to properly reconcile this conflict.[45]

It is unnecessary to decide whether the ALJ erred with respect to the cashier and sales attendant jobs. Even if the ALJ erred, any error was harmless because the ALJ also found Ms. N. capable of working as a "housekeeping cleaner."[46] An ALJ's erroneous inclusion of one or more jobs is harmless where there remains a significant number of other jobs in the national economy which the claimant can perform.[47] Ms. N. does not challenge the ALJ's finding that she could work as a housekeeping cleaner. And there are 300,000 such jobs available in the national economy,[48] which is sufficient to constitute a "significant number."[49] Therefore, any error in relying on the cashier and sales attendant jobs was harmless. The ALJ's conclusion that Ms. N. could perform other work existing in significant numbers in the national economy is supported by

---

[44] *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *see also Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016) (unpublished) (finding a vocational expert's testimony inconsistent with the DOT where the expert cited jobs with level-three reasoning for a claimant limited to "understanding, remembering, and carrying out simple instructions").

[45] (Opening Br. 11, Doc. No. 9.)

[46] (*See* Tr. 28.)

[47] *See Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (unpublished); *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009).

[48] (Tr. 28.)

[49] *See Shockley v. Colvin*, 564 F. App'x 935, 940 (10th Cir. 2014) (unpublished) (finding harmless error where 215,000 jobs existed in the national economy); *Chrismon v. Colvin*, 531 F. App'x 893, 899–900 (10th Cir. 2013) (unpublished) (finding the same for 212,000 jobs); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished) (finding the same for 152,000 jobs).

substantial evidence, based on the ALJ's unchallenged finding that Ms. N. could work as a housekeeping cleaner.

## RECOMMENDATION

The undersigned RECOMMENDS the district judge AFFIRM the Commissioner's decision. The court will send this Report and Recommendation to all parties, who are notified of their right to object. Any objection to this Report and Recommendation must be filed within fourteen days of service.[50] Failure to object may be considered a waiver of objections.

DATED this 12th day of July, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[50] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).